# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEAN GONZALEZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1479-F |
| ) | |
| **JUSTIN JONES,** Director, Oklahoma ) | |
| Department of Corrections, ) | |
| **C. CHESTER,** Warden, Lawton ) | |
| Correctional Facility, **R. WHITTEN,** ) | |
| Security Warden, Lawton ) | |
| Correctional Facility, **MS.** ) | |
| **STOUFFER,** Health Administrator, ) | |
| Lawton Correctional Facility, ) | |
| **MRS. PITTS,** Health Administrator, ) | |
| Lawton Correctional Facility, ) | |
| **LIEUTENANT JOHNS,** Grievance ) | |
| Coordinator, Lawton Correctional ) | |
| Facility, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### Defendant Justin Jones

**I.  Plaintiff's complaint.**

Through this civil rights complaint, Plaintiff claims officials at the Lawton Correctional Facility (LCF), a private prison, starved him by providing only

"adolescent sized sack lunches"[1] and no hot meals, Doc. 1, at 2, 7;[2] refused to provide him with supplies to clean his cell, *id.*, and, refused to provide him with mental health care and treatment. *Id.* at 2-3,8. In describing the nature of his case, Plaintiff also complains that LCF prison staff hampered his efforts to exhaust his administrative remedies because staff failed to answer. *Id.* at 6. Further, LCF administrators allegedly ignored his grievances on the issue of his unanswered requests to staff. *Id.*

In addition to naming the LCF officials as Defendants, Plaintiff named Oklahoma Department of Corrections (DOC) Director Justin Jones in his individual and official capacities. *Id.* at 1, 5. Nonetheless, apart from listing Director Jones as a Defendant, Plaintiff does not mention Defendant Jones by name in the remainder of his complaint until, in his request for relief, he asks for "a time relief[3] from the O.D.O.C. Director Justin Jones and a special investigation in the handling of mental health at L.C.F." *Id.* at 9. And, while Plaintiff does not refer to Defendant Jones by name in his food and cleaning-

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

[2] Page citations to the complaint are in sequential order and reflect this court's CMECF pagination.

[3] Plaintiff's request for "time relief" implicates habeas relief rather than an appropriate remedy for a civil rights violation.

supplies claim, he asserts in his conclusion to the claim that "[a]ll these defendants helped and contributed to the violation of the offenders basic rights through approvals, unanswered requests to staff, informal conversations, personal acts, and not following proper policy and procedure and allowing these violations to take place." *Id.* at 7. Plaintiff characterizes the alleged violations as "unlawful, meaningful, willful, and knowing[ ]." *Id.*

## II.   Relevant procedural history.

United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to § 636(b)(1)(B), (C). Pursuant to court order, Doc. 18, and consistent with *Martinez v. Aaron*, 570 F. 2d 317 (10th Cir. 1978), the DOC submitted a Special Report regarding the subject matter of the complaint. Doc. 28. Defendant Jones then filed a Motion to Dismiss/Motion for Summary Judgment, asserting, in part, an entitlement to qualified immunity. Doc. 27. Plaintiff responded with what he titled as his "Motion to Enter Summary Judgement for Justin Jones." Doc. 36. Despite the title, Plaintiff states in the one-page unverified filing that it is his response to Defendant Jones' motion. *Id.* He argues that "[i]t is Justin Jones job as head of ODOC to make sure all policy is enforced and followed. Even if it's a private facility, LCF falls under ODOC policy and from Justin Jones down its his

job to make sure policy is followed and all officers are trained properly."[4] *Id.* Defendant Jones construed Plaintiff's response as a motion for summary judgment and filed a response in opposition, arguing that such a motion was both procedurally flawed and meritless. Doc. 38.

For the following reasons, the undersigned recommends that Plaintiff's official capacity claims against Defendant Jones be dismissed with prejudice and that Plaintiff's individual capacity claims against Defendant Jones be dismissed on the basis of qualified immunity.

### III. Analysis.

#### A. Official capacity claims.

##### 1. Claim for monetary damages against Defendant Jones in his official capacity.

To the extent Plaintiff is seeking monetary damages from Defendant Jones, this court construes claims for damages against a state employee in his official capacity as claims against the State and thus the Eleventh Amendment

---

[4] On the same day Plaintiff filed his response to Defendant Jones' motion, he also filed a Motion to Enter Evidence. Doc. 37. Plaintiff maintained the evidence attached to the motion shows that his rights were violated and reflects his efforts to exhaust his administrative remedies. *Id.* United States Magistrate Judge Shon T. Erwin, to whom this case was previously referred, ordered this motion stricken because it made no reference to a specific, pending motion. Doc. 39. Nonetheless, the undersigned has reviewed the evidence attached to the motion to ensure that it has no bearing on the issues addressed in this report.

bars them.  *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985) (stating that the court should treat a suit against an individual acting in an official capacity as a suit against the state itself, which the Eleventh Amendment bars); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (Eleventh Amendment sovereign immunity barred § 1983 claims against prison officials in their official capacities).  While a State may waive the defense of sovereign immunity, the State of Oklahoma has not waived its sovereign immunity defense against § 1983 claims brought in federal district court cases.  *See Ramirez v. Okla. Dep't of Mental Health,* 41 F.3d 584, 589 (10th Cir. 1994).

The Eleventh Amendment forecloses any claim for monetary damages against Defendant Jones in his official capacity, and the undersigned recommends dismissal with prejudice.

### 2. Claim for prospective injunctive relief against Defendant Jones.

"[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not considered a suit against the state for Eleventh Amendment purposes." *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631-32 (10th Cir. 1998) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 n.10 (1989)).  Accordingly, to the extent Plaintiff seeks prospective

injunctive relief,[5] Eleventh Amendment sovereign immunity would ordinarily not bar claims against Defendant Jones in his official capacity. Nonetheless, Defendant Jones stated in his alternative dispositive motion that Plaintiff is currently incarcerated at the Oklahoma State Penitentiary (OSP).[6] Doc. 27, at 2. Plaintiff submitted his response to the motion from OSP. Doc. 36. Accordingly, because Plaintiff is no longer subject to the conditions of confinement and medical care at LCF, the undersigned recommends dismissal of Plaintiff's claims for prospective injunctive relief on mootness grounds. *See Green v. Branson,* 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (claims for injunctive and declaratory relief are moot where the prisoner has been released or transferred and is no longer subject to the conditions of confinement on which

---

[5] Based on an expansive reading of his request for relief, Plaintiff seeks a special diet at LCF as well as investigations of the LCF grievance process, the LCF food handling and dietary policy, and of "the handling of mental health at L.C.F." Doc. 1, at 3, 9.

[6] In this regard, under this court's local civil rules, Plaintiff is responsible for notifying the court of any change of address. *See* LCvR5.4(a). Moreover, "[p]apers sent by the Court will be deemed delivered if sent to the last known address given to the Court." *Id.* The court's docket sheet in this matter reflects Plaintiff's address at LCF and does not contain any notice of Plaintiff's change of address. **On this single occasion, the undersigned directs the Clerk to mail a copy of this report along with a copy of the local civil rules and a change of address form to Plaintiff at his OSP address.** *See* **Doc. 36. Plaintiff's current address will, however, continue to be his LCF address until he returns the change of address form with his new OSP address.**

6

his claims are based).

### B.  Individual capacity claims.

#### 1.  Standard of review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

#### 2.  Qualified immunity.

"Government defendants sued under § 1983 in their individual capacities

have qualified immunity: 'government officials are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)).  When a government defendant asserts qualified immunity in seeking dismissal, "the court considers (1) 'whether the facts that a plaintiff has alleged make out a violation of a constitutional right,' and (2) 'whether the right at issue was clearly established at the time of defendant's alleged misconduct.'" *Keith v. Koerner*, No. 12-3101, 2013 WL 500703, at *2 (10th Cir. Feb. 12, 2013) (unpublished) (quoting *Brown*, 662 F.3d at 1164 (10th Cir. 2011)).  Under the Supreme Court's holding in *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the court has the discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."

### 3. Plaintiff's individual capacity claims against Defendant Jones.

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability."  *Brown*, 662 F.3d at 1163.  Personal liability "under § 1983 must be based on personal involvement in the

8

alleged constitutional violation. *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). In moving for dismissal, Defendant Jones asserts that Plaintiff has not alleged that he was personally involved in the alleged Eighth Amendment violations by the LCF Defendants. Doc. 27, at 7. Based on a review of the complaint, the undersigned agrees. *See supra* at p. 2.

"Supervisory liability 'allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy . . . which subjects, or causes to be subjected that plaintiff to the deprivation of any rights . . . secured by the Constitution.'" *Brown,* 662 F.3d at 1163-64 (quoting *Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010)). In his response to Defendant Jones' motion, Plaintiff suggests only that Defendant Jones *failed* "to make sure policy is followed and all officers are properly trained." Doc. 36.

Plaintiff has failed to allege any facts showing that Defendant Jones was responsible for a constitutional violation under the theory of personal and/or supervisory liability and, consequently, has failed to overcome Defendant Jones' qualified immunity.

## IV.   Recommendation and notice of right to object.

For these reasons, the undersigned recommends that (1) Defendant Jones' motion to dismiss, Doc. 27, be granted; (2) Plaintiff's official capacity claims

against Defendant Jones be dismissed with prejudice; and (3) his individual capacity claims against Defendant Jones be dismissed on the basis of qualified immunity.

The parties are advised of their right to object to this Report and Recommendation by April 18, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of March, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE