# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEAN GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-11-1479-F |
| | ) | |
| JUSTIN JONES, Director, Oklahoma | ) | |
| Department of Corrections, | ) | |
| C. CHESTER, Warden, Lawton | ) | |
| Correctional Facility, R. WHITTEN, | ) | |
| Security Warden, Lawton | ) | |
| Correctional Facility, MS. | ) | |
| STOUFFER, Health Administrator, | ) | |
| Lawton Correctional Facility, | ) | |
| MRS. PITTS, Health Administrator, | ) | |
| Lawton Correctional Facility, | ) | |
| LIEUTENANT JOHNS, Grievance | ) | |
| Coordinator, Lawton Correctional | ) | |
| Facility, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### Lawton Correctional Facility Defendants

## I.     Plaintiff's complaint.

Through this civil rights complaint, Plaintiff claims officials at the Lawton

Correctional Facility (LCF), a private prison, starved him by providing only

"adolescent sized sack lunches"[1] and no hot meals, Doc. 1, at 2, 7;[2] refused to provide him with supplies to clean his cell, *id.*, and, refused to provide him with mental health care and treatment. *Id.* at 2-3, 8. Additionally, in describing the nature of his case, Plaintiff complains that LCF prison staff hampered his efforts to exhaust his administrative remedies because staff failed to answer. *Id.* at 6. Further, LCF administrators allegedly ignored his grievances on the issue of his unanswered requests to staff. *Id.* He does not include a separate claim for relief on his grievance issues.

The named LCF Defendants are Warden Chester, Security Warden Whitten, Health Administrator Stouffer, Health Administrator Pitts,[3] and Grievance Coordinator Johns. *Id.* at 1, 2, and 5. In addition to naming these LCF officials as Defendants, Plaintiff named Oklahoma Department of Corrections (DOC) Director Justin Jones in his individual and official capacities. *Id.* at 1, 5.

## II.   Relevant case history.

The matter is before the undersigned Magistrate Judge for initial

---

[1]      Unless otherwise indicated, quotations in this report are reproduced verbatim.

[2]      Page citations to the complaint are in sequential order and reflect this court's CMECF pagination.

[3]      Plaintiff did not serve named Defendant Pitts.  Doc. 23.

proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C) on referral by United States District Judge Stephen P. Friot.  Pursuant to court order, Doc. 18, and consistent with *Martinez v. Aaron*, 570 F. 2d 317 (10th Cir. 1978), the DOC submitted a Special Report regarding the subject matter of the complaint.  Doc. 28.  Defendant Jones then filed a Motion to Dismiss/Motion for Summary Judgment.  Doc. 27.  Plaintiff belatedly responded to the motion on what now turns out to be the last day he filed anything in this case – November 16, 2012.  Doc. 36.[4]

On March 28, 2013, the undersigned reported on the motion, recommending the dismissal of Plaintiff's claims against Defendant Jones.  Doc. 45.  For reasons relevant to that motion, the report noted both Defendant Jones' statement that Plaintiff was currently incarcerated at the Oklahoma State Penitentiary (OSP) and the fact that Plaintiff had submitted his response to the motion from OSP.  *Id.* at 6.  Because the court's docket sheet showed LCF as Plaintiff's current place of incarceration, the undersigned advised Plaintiff that papers sent to him by the court are deemed delivered when mailed to the last address he provided to the court and that it was his obligation to notify the court of any change of address.  *Id.* at n.6.  Pursuant to direction in the report, the

---

[4]     Plaintiff's response was what he titled a "Motion to Enter Summary Judgement for Justin Jones."  Doc. 36.

Clerk mailed a copy of the local civil rules and a change of address form to Plaintiff at his OSP address with the copy of the report. *Id.* The report informed Plaintiff that his LCF address would remain his address of record until he returned the change of address form with his new OSP address. *Id.*

Plaintiff's April 18, 2013, deadline to object to the recommended dismissal of the claims against Defendant Jones has now passed. He neither objected to the report nor returned the change of address form. That is of relevance to the motion for summary judgment filed on January 3, 2013, by the LCF Defendants, Doc. 40,[5] to which Plaintiff, likewise, did not respond. He received one sua sponte extension of response time and notice of the ramifications of his failure to do so, Doc. 43, and, had he returned the address change form, objected to the Jones' recommendation, or otherwise shown any interest in his case, he would have received another. Nonetheless, Plaintiff took no action, and the motion is now at issue. Based on a review of the LCF Defendants' motion and supporting evidence, the undersigned recommends the entry of summary judgment in favor of the LCF Defendants by reason of Plaintiff's failure to exhaust his administrative remedies prior to filing his lawsuit.

---

[5]     The court granted leave on January 2, 2013, for the filing under seal of the summary judgment motion and the LCF Special Report, Doc. 42, on the grounds that both filings include Plaintiff's medical and mental health records. Docs. 32, 39.

4

## III.   Analysis.

### A.   Standard of review.

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted).   And, while the court liberally construes a pro se plaintiff's complaint, a pro se plaintiff must adhere to the same rules of procedure that are binding on all litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).   Thus, strict adherence by a pro se plaintiff to the requirements of Fed. R. Civ. P. 56 is required.   With respect to those requirements, the Supreme Court has determined that

> the plain language of Rule 56 . . . mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.   In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

5

Additionally, when a party asserts an affirmative defense in a motion for summary judgment – such as the failure to exhaust administrative remedies – the party "must demonstrate that no disputed material fact exists regarding [that] affirmative defense. . . ." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant[s] meet[] this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact*." Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] [are] then entitled to summary judgment as a matter of law." *Id.*

## B.     Exhaustion of administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA") requires that a prisoner exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199,

211 (2007).  A prisoner, such as Plaintiff, successfully exhausts administrative remedies by completing the administrative review process established by the prison grievance procedure.  *Id*. at 218.  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002).  "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).  Courts, however, "are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

**C.  Plaintiff's requisite exhaustion.**

Prior to initiating this lawsuit, Plaintiff was required to exhaust his administrative remedies pursuant to the DOC Offender Grievance Process, OP-090124.  *See* Doc. 42, at Attach. 20.  This process requires an initial, informal attempt to resolve a complaint by talking with the case manager, supervising employee, or other appropriate staff.  *Id.* at IV.A.  If the matter remains unresolved, the inmate must then submit a written "Request to Staff," briefly but completely describing his complaint.  *Id.* at IV.B.1.  Should the informal attempts at resolution fail, the inmate's next step is submission of an "Offender

7

Grievance Report Form" to the reviewing authority. *Id.* at V.A. An unfavorable response to the grievance may then be appealed to the administrative review authority ("ARA"). *Id.* at VII. The ultimate ruling of the ARA – of which the chief medical officer is a part – concludes the administrative process available to an inmate through the Oklahoma Department of Corrections. *Id.* at VII D.

### 1. Defendants' arguments and evidence.

The LCF Defendants state as undisputed fact that "Plaintiff failed to exhaust administrative remedies as to all claims." Doc. 40, at 3. As support, they rely on the sworn Special Report findings verified by Billy Gibson, the Executive Assistant to the Warden at LCF. *Id.*; Doc. 42, at 7-9. There, affiant Gibson averred that "[t]he only grievance that was filed [by Plaintiff] that relates to this lawsuit was LCF grievance number 11-660 . . . ." Doc. 42, at 9. Affiant Gibson explained that Grievance No. 11-660 "involves the sack lunches the offender was receiving, and why his requests were not being returned with a response." *Id.*; Doc. 42, at Attach. 26. This grievance was returned to Plaintiff as unanswered with various procedural deficiencies noted. Doc. 42, at 9 and at Attach. 27. Affiant Gibson swore further "that the investigation discovered that the offender did not file any grievance appeals with the Administrative Review Authority or the Chief Medical Officer's Office as to the issues alleged in [Plaintiff's] complaint. Doc. 42, at 9.

8

Defendants' evidence establishes that Plaintiff did not complete the grievance process for any of the claims he asserts in his complaint – he neither obtained the relief he sought nor did he appeal the denial of a claim-related grievance to the ARA.  And, by establishing that Plaintiff did not complete the administrative grievance process as to any of his claims, the LCF Defendants have met their initial burden of demonstrating that no disputed material fact exists regarding their affirmative defense of failure to exhaust.

### 2.    Plaintiff's arguments and evidence.

At this point, the Plaintiff must now "demonstrate with specificity the existence of a disputed material fact." *Hutchinson*, 105 F.3d at 564.  Plaintiff, of course, has not opposed the LCF Defendants' summary judgment motion in any manner.  Nonetheless, on November 16, 2012, the same day he filed his response to Defendant Jones' dispositive motion, Plaintiff also filed a Motion to Enter Evidence.  Doc. 37.  He maintained the evidence attached to the motion shows that his rights were violated and reflects his efforts to exhaust his administrative remedies.  *Id.*  United States Magistrate Judge Shon T. Erwin, to whom this case was previously referred, ordered this motion stricken because it made no reference to a specific pending motion.  Doc. 39.  Nonetheless, the undersigned has reviewed the evidence attached to the motion to ensure that it has no bearing on the issues addressed in this report.

Included with Plaintiff's evidence is a copy of Grievance No. 11-691, dated December 2, 2011.   Doc. 37, Attach. 1, at 6.   In that grievance, Plaintiff complained that he was being denied mental health treatment.   He attached a November 7, 2011, medical request – which he erroneously referred to in his grievance as a request to staff – "to see the Psych Doctor." *Id.*; Doc. 37, Attach. 1, at 2.  The LCF Grievance Coordinator returned the grievance unanswered on December 5, 2011, due to the absence of informal action and of a response to a request to staff.  Doc. 37, Attach. 1, at 5.  Plaintiff submitted no evidence of any further action as to this particular grievance.   He then filed this lawsuit approximately one week later.[6]  Doc. 1.  The remaining grievance documentation Plaintiff filed is either inapplicable to the claims asserted in his complaint or was filed after the commencement of the lawsuit.

Plaintiff's evidence fails to create a genuine issue of material fact with regard to his failure to exhaust available administrative remedies. Consequently, the LCF Defendants affirmatively established that Plaintiff failed to exhaust his administrative remedies as to any claim prior to initiating this § 1983 action, and they are entitled to summary judgment as a matter of law.

---

[6]      It is noted that Plaintiff's evidence includes a *post*-lawsuit *request to staff* on this same subject followed by a grievance through which Plaintiff was granted relief.   Doc. 37, Attach. 1, at 8-11.   The form reflects Plaintiff's acknowledgment that this December 22, 2011, request to staff was the first one he had submitted on the issue.  *Id.* at 11.

**IV.    Recommendation and notice of right to object.**

For these reasons, the undersigned recommends that the LCF Defendants' motion for summary judgment, Doc. 40, be granted.

The parties are advised of their right to object to this Report and Recommendation by May 16, 2013, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this case.

IT IS SO ORDERED this 26th day of April, 2013.


_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE